**Margarita TIRADO, Plaintiff–Appellant,**

**v.**

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant–Appellee.**

**No. 608, Docket 87–6225.**

United States Court of Appeals, Second Circuit.

Argued Feb. 10, 1988.

Decided March 10, 1988.

Scott L. Cagan, Arcadio J. Reyes, Law Interns, New York City (Peter Margulies, Supervising Atty., New York Law School, Federal Litigation Clinic, Michael L. Perlin, Director, New York City, of counsel), for plaintiff-appellant.

---

Sapna V. Raj, Sp. Asst. U.S. Atty., S.D. N.Y. (Nancy Kilson, Asst. U.S. Atty., Rudolph W. Giuliani, U.S. Atty. S.D.N.Y., of counsel), for defendant-appellee.

Before LUMBARD and CARDAMONE, Circuit Judges, and LEISURE, District Judge.[*]

CARDAMONE, Circuit Judge:

This is an appeal from the denial of disability benefits. The principal question before us is what disposition should be made when—after such a denial—the claimant for the first time on appeal presents new medical evidence to support her claim. We recognize, of course, that claimants ordinarily should have but one opportunity to prove entitlement to benefits, otherwise disability administrative proceedings would be an unending merry-go-round with no finality to administrative and judicial determinations. It is a truism nonetheless, that nothing is permanent except change, and for that reason room must be allowed in the process for the fact that a claimant's medical condition may not be fully diagnosed or comprehended at the time of her hearing.

Claimant Margarita Tirado appeals from a district court's judgment upholding the Secretary of Health and Human Services' denial of her application for Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–1383c (1982 & Supp. III 1986). Tirado first applied for SSI benefits on October 15, 1984 alleging that she has been disabled since June 1984 suffering from uncontrolled hypertension, asthma, dizzy spells, and gynecological complications.

After the denial of her initial application for benefits, claimant requested a rehearing. On September 9, 1985 an administrative law judge (ALJ) considered her claim *de novo.* Following the five-step analysis required by Social Security regulations, 20 C.F.R. § 416.920 (1987), the ALJ concluded that Tirado was not "disabled" within the meaning of the Social Security Act, 42 U.S.

C. § 1382c(a)(3)(A), and therefore denied her application for benefits. In response to claimant's request for review, the Department of Health and Human Services Appeals Council concluded on March 14, 1986 that there was no basis for overturning the ALJ's decision.

Appellant then challenged the Secretary's final decision in the United States District Court for the Southern District of New York (Conner, J.). In its opinion and order dated July 2, 1987 the district court rejected appellant's arguments that the ALJ failed to weigh properly her subjective and objective evidence of pain; that the ALJ failed to develop a record and consequently erroneously found her asthma not disabling; that she was not adequately informed of her right to counsel at the hearing; that the ALJ should have called a vocational expert to assist him in assessing the availability of work suitable for Tirado.

## DISCUSSION

### I

Tirado's primary arguments on this appeal are that (1) the ALJ failed to state the findings with respect to Tirado's objective and subjective evidence of pain with sufficient specificity, (2) the ALJ erred by relying on vocational guidelines to assess her eligibility for work rather than using individualized evidence, and (3) the district court incorrectly concluded that she failed to meet the twelve-month durational requirement for SSI benefits.

Although the ALJ's finding that Tirado's "allegations of restricted activities were not persuasive" is hardly instructive, we cannot say in light of the slim evidence of pain before the ALJ that "we would be unable to fathom the ALJ's rationale in relation to evidence in the record." *Berry v. Schweiker,* 675 F.2d 464, 469 (2d Cir. 1982). And, even given the ALJ's mischaracterization of appellant's mild asthma as an exertional rather than a nonexertional

[*] Hon. Peter K. Leisure, United States District Judge for the Southern District of New York, sitting by designation.

limitation, we conclude that this case did not call for the use of a vocational expert because there was substantial evidence before the ALJ to support the view that claimant's nonexertional impairments did not "significantly diminish" her work capacity beyond the restriction caused by her exertional impairments. *See Bapp v. Bowen,* 802 F.2d 601, 605–06 (2d Cir.1986). Finally, although the district court's finding that claimant's gynecological problem was stabilized after four months and was therefore not a disability for SSI purposes may not be supported by the record, it does not present a basis for reversing the district court's judgment sustaining the Secretary's determination.

## II

Tirado's final argument is that her case should be remanded to the Secretary for consideration of new medical evidence. The new evidence, consisting of medical reports by a "team" of physicians from Bronx Municipal Hospital, was included in the joint appendix filed with this appeal but this is the first time the reports have been offered to support the claim. Tirado contends that although the Bronx Hospital team did not begin treating her until after her administrative hearing, their medical reports are nonetheless relevant to her claim of disability because they illustrate the depth of her illness which, although not fully diagnosed, existed at the time of her administrative hearing. More specifically, she urges that by indicating that she continues to suffer from uncontrolled high blood pressure, that her asthma is more persistent than as noted by the ALJ, and that her dysfunctional uterine bleeding stems from fibroids in the uterus, the records substantially corroborate her subjective complaints of chest, lower abdomen, and lower back pain. Additionally, she believes the records show that she has had hypokalemia (low concentration of potassium ions in the blood) and proteinuria (high protein concentration in urine) for at least four years and that she has developed iron-deficiency anemia and Bell's Palsy.

■ The Social Security Act provides that a court may order the Secretary to consider additional evidence, "but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g) (1982). Thus, an appellant must show that the proffered evidence is (1) " 'new' and not merely cumulative of what is already in the record," *Szubak v. Secretary of Health & Human Servs.,* 745 F.2d 831, 833 (3d Cir.1984), and that it is (2) material, that is, both relevant to the claimant's condition during the time period for which benefits were denied and probative, *see Cutler v. Weinberger,* 516 F.2d 1282, 1285 (2d Cir.1975). The concept of materiality requires, in addition, a reasonable possibility that the new evidence would have influenced the Secretary to decide claimant's application differently. *See Szubak,* 745 F.2d at 833; *Chaney v. Schweiker,* 659 F.2d 676, 679 (5th Cir.1981). Finally, claimant must show (3) good cause for her failure to present the evidence earlier. *See Tolany v. Heckler,* 756 F.2d 268, 272 (2d Cir.1985) (good cause shown where new diagnosis was based on recent neurological evaluation and assessment of response to medication required observation period).

■ The application of this triple standard for the introduction of new evidence presents factual issues that ordinarily are best first passed upon by the district court. *See Carroll v. Secretary of Health & Human Servs.,* 705 F.2d 638, 644 (2d Cir. 1983); *Chaney,* 659 F.2d at 679. *But see Georg v. Schweiker,* 643 F.2d 582, 584 (9th Cir.1981) (court found that evidence presented for the first time to the Court of Appeals satisfied the standards of 42 U.S.C. § 405(g) "as a matter of law"). We cannot say that the new evidence is sufficient as a matter of law to require a new hearing. It is not "our job as an appellate court to examine new evidentiary materials and find issues of fact," *Chaney,* 659 F.2d at 679.

The matter must therefore be remanded to the district court in the first instance for

it to determine whether the Secretary must conduct further hearings on Tirado's application. If after examining the proffered medical and other proof to satisfy the recited standard the district court directs the Secretary to reopen this case on the basis of new evidence, it should remand the case in the interest of judicial economy to the same ALJ. In such event, it will be necessary for the ALJ to address Tirado's new and objective evidence of pain with sufficient specificity to instruct the district court why the ALJ believes or disbelieves the claimant's allegations of pain and whether his finding is supported by substantial evidence. *See, e.g., Berry,* 675 F.2d at 469.

Accordingly, the case is remanded to the district court for it to determine consistent with this opinion whether claimant's newly offered evidence is sufficient to require the Secretary to review additional evidence and to reconsider the application.