Paul Joseph **DERME**, Plaintiff–
Appellant,

v.

**COMMISSIONER OF SOCIAL
SECURITY**, Defendant–
Appellee.

No. 07–1839–cv.

United States Court of Appeals,
Second Circuit.

Nov. 3, 2008.

Paul Joseph Derme, pro se, North Tonawanda, NY.

Kristina Cohn, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, Barbara L. Spivak, Chief Counsel—Region II, Office of the General Counsel, Social Security Administration (of counsel), for Terrance P. Flynn, United States Attorney for the Western District of New York, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RICHARD C. WESLEY, Circuit Judge, Hon. RICHARD J. ARCARA,[1] District Judge.

### SUMMARY ORDER

Paul Joseph Derme appeals from an order entered February 28, 2007 by the District Court for the Western District of New York (Skretny, *J.*) affirming a decision of the Commissioner of Social Security ("Commissioner") which denied Derme's claim for supplemental security income benefits under the Social Security Act. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal. Derme argues that the Administrative Law Judge ("ALJ") erred by: (1) overlooking the opinions of several doctors; (2) ignoring evidence already in the record as well as new evidence; and (3) improperly relying on Dr. Chazen's assessment that Derme was not disabled. Finally, Derme seeks consideration of the new evidence on this appeal.

When a district court reviews a determination of the Commissioner, we "review the administrative record *de novo* to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Machadio v. Apfel,* 276 F.3d 103, 108 (2d Cir.2002). Substantial evidence means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938).

■ Derme argues that the ALJ overlooked certain medical opinions and ignored medical evidence. A review of the record reveals that the ALJ considered all of the medical evidence that was in the record at the time of the application, and concluded that Derme retained the residual functional capacity to perform certain work. This view was wholly consistent with various doctors' reports, notwithstanding the presence of some limitations due to his sporadic episodes of flank pain and hematuria. Moreover, neither the ALJ nor the District Court was obliged to consider any "new" evidence unless it met

---

1. The Honorable Richard J. Arcara, District Judge, United States District Court for the Western District of New York, sitting by designation.

78

the threshold test of 42 U.S.C. § 405(g), requiring the evidence to be "new" and "material", and that the applicant demonstrate good cause for failing to include it earlier. *See also Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir.1988). All of the evidence Derme sought to submit failed one or more parts of this test.

Derme also claims that his legal aid representative sent certain forms relevant to his claim to the "wrong" doctor, *i.e.*, Dr. Chazen, who later submitted a report which proved unfavorable to Derme's application for benefits. Chazen's report indicated that Derme retained the residual functional capacity to perform light work and was not disabled. Derme challenges Chazen's opinion on the basis that Chazen saw him only once in December 2002 for a brief 15–minute visit, that Chazen was "put off" by Derme's non-compliance with his orders, and that Chazen's opinion contradicted that of Dr. Hardner (among others) who saw Derme more regularly.

This argument fails for several reasons. First, Chazen's report was not inconsistent with Hardner's opinion. Hardner and Chazen are colleagues at the same clinic and had access to each other's reports on Mr. Derme. Second, even though Chazen saw Derme only once, his report may still be considered and given appropriate weight in light of all of the other evidence in the record. *See* 20 C.F.R. § 416.927(d). Third, the fact that Chazen's ultimate report was unfavorable to Derme's application for benefits did not render it defective or preclude the ALJ's reliance on it.

Finally, the new evidence that Derme submits on this appeal should not be considered. While it is arguably "new", Derme has proffered no good cause for failing to submit it earlier. *See* 42 U.S.C. § 405(g); *Tirado*, 842 F.2d at 597.

Substantial medical evidence supports the denial of benefits. We therefore **AFFIRM** the judgment of the district court.