**Edward J. SHRACK, Jr., Plaintiff**

v.

**Michael J. ASTRUE, Commissioner, Social Security Administration, Defendant.**

**Civil No. 3:08CV00168 (CFD).**

United States District Court, D. Connecticut.

April 1, 2009.

Ivan Michael Katz, Law Offices of Ivan M. Katz, New Haven, CT, for Plaintiff.

Ann M. Nevins, U.S. Attorney's Office, Bridgeport, CT, for Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

CHRISTOPHER F. DRONEY, District Judge.

Order Approving Recommended Ruling, absent objection. This matter is remanded. The Clerk is directed to close this case.

## MAGISTRATE'S OPINION

THOMAS P. SMITH, United States Magistrate Judge.

The plaintiff, Edward J. Shrack, Jr., brings this appeal under 42 U.S.C. § 405(g), seeking review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Social Security Disability Insurance Benefits ("SSDI"). The plaintiff has moved for an order reversing the Commissioner's decision. [Dkt. # 12]. The defendant has moved for an order affirming the decision. [Dkt. # 15]. For the reasons set forth more fully herein, the parties' competing motions for judgment should be **DENIED,** [Dkt. ## 12, 15] and the case should be remanded for further proceedings in accordance with this ruling. 28 U.S.C. § 636(b)(1)(A).

Plaintiff applied for SSDI in October, 2004 based on an alleged disability onset date of April 6, 2002. Plaintiff's claim was denied initially (Tr. 22, 39–41) and on reconsideration (Tr. 21). Plaintiff requested a hearing and a hearing was held on November 15, 2006 before Administrative Law Judge ("ALJ") William J. Dolan.

ALJ Dolan denied the plaintiff's claim in a written decision dated December 29, 2006, finding that the plaintiff retained the residual functional capacity ("RFC") needed to perform a wide range of medium exertional level work and was able to perform jobs that existed in significant numbers in the national economy. A timely appeal was brought before the Appeals Council, at which time over three-hundred pages of additional medical evidence was submitted and incorporated into the record. In a brief opinion, the Appeals Council denied plaintiff's request for review on October 26, 2007, thus making the ALJ's decision the final decision of the Commissioner subject to judicial review.

There are five steps to the sequential evaluation process that the Commissioner must follow. *Bowen v. Yuckert,* 482 U.S. 137, 140–42, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987); 20 C.F.R. § 404.1520. ALJ Dolan applied the five-step process in arriving at his decision, and the plaintiff does not here dispute his application of the first four steps. Plaintiff here challenges ALJ Dolan's finding that he retains the RFC to perform work at the medium exertional level, and that there is alternative, substantial gainful activity that he can perform.

Plaintiff argues that substantial evidence does not support these findings, pointing to several alleged deficiencies in the ALJ's RFC analysis. The court here focuses on the plaintiff's claim that ALJ Dolan's failure to explicitly address the medical opinions of treating physician Dr. Alfred J. Cretella constitutes legal error. The plaintiff also argues that the new medical evidence submitted to the Appeals Council, including additional records from Dr. Cretella, provides further evidence of his eligibility for SSDI and should have been specifically addressed in the Appeals Council's decision. The court addresses each of these arguments in turn below.

### 1. The Treating Physician Rule

 Under the treating physician rule, the SSA gives deference to the views of the physician who has engaged in the primary treatment of a claimant. *See Burgess v. Astrue,* 537 F.3d 117, 128 (2d Cir.2008); 20 C.F.R. § 404.1527(d)(2).

The rule requires that the views and medical opinions of the treating physician be given controlling weight, provided that they are supported by objective medical evidence and "not inconsistent with other substantial evidence in the case record." *Id.* The regulations further provide that even if controlling weight is not given to the opinions of the treating physician, the ALJ may still assign some weight to those views, and must specifically explain the weight that is actually given to the opinion.[1] *See Schupp v. Barnhart,* No. Civ. 3:02CV103, 2004 WL 1660579 at *9 (D.Conn. March 12, 2004). Courts have consistently held that the "[f]ailure to provide 'good reasons' for not crediting the opinion of a claimant's treating physician is ground for remand." *Schaal v. Apfel,* 134 F.3d 496, 505 (2d Cir.1998). *See also Schupp,* 2004 WL 1660579 at *8 ("[The decision] must be sufficiently specific to make clear to subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and reasons for that weight.").

■ Unfortunately, many of the notes and medical findings of Dr. Cretella, plaintiff's primary care physician, were not incorporated into the record until after the ALJ's decision, as discussed below. Among the evidence that was before the ALJ, however, were some of Dr. Cretella's treatment notes including discussion of, among other things, hand and foot pain, chronically malcontrolled DM, diabetic peripheral neuropathy, "burning" sensation in the hands and feet, and chronic numbness in the hands and feet. (Tr. 182–85). Dr. Cretella's notes also indicate that the plaintiff was taking Tegretol for pain. *Id.*

It is undisputed that these notes were a part of the administrative record when the ALJ made his decision.

■ Under the standard of review applied by district courts in reviewing ALJ determinations, the assignment of weight to the opinions of a treating physician is afforded significant deference. Ordinarily, a court reviewing an ALJ's assignment of weight will only examine whether the ALJ's determination was in accord with the legal rules outlined above and supported by substantial evidence. *See, e.g. Edwards v. Barnhart,* 3:06CV402, 2007 WL 708802 at *11 (D.Conn. March 6, 2007). Here, ALJ Dolan made no mention whatsoever of the views or findings of Dr. Cretella in his RFC assessment. His failure to provide any reasons for his decision to omit the findings of Dr. Cretella leaves this court unable to determine what legal standards the ALJ applied in weighing Dr. Cretella's opinions or whether his conclusions as to plaintiff's RFC are supported by substantial evidence.

■ Appellate counsel now claims that Dr. Cretella's opinions are not supported by medical evidence and are thus not entitled to significant weight. While the court acknowledges that it is far from clear from the record what weight should have been assigned to Dr. Cretella's opinions, the law is clear: an ALJ must specifically explain the weight that is actually given to the treating physician's opinion. "A reviewing court 'may not accept appellate counsel's post hoc rationalizations for agency action.'" *Snell v. Apfel,* 177 F.3d 128, 134 (2d Cir.1999) (quoting *Burlington*

---

1. An ALJ who chooses not to accord controlling weight to the medical opinion of a treating physician must consider various factors to determine how much weight to give to the opinion, including (i) the frequency of examination and the length, nature and extent of the treatment relationship; (ii) the evidence in support of the treating physician's opinion; (iii) the consistency of the opinion with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other factors brought to the Social Security Administration's attention that tend to support or contradict the opinion. 20 C.F.R. § 404.1527(d)(2).

*Truck Lines, Inc. v. United States,* 371 U.S. 156, 168, 83 S.Ct. 239, 9 L.Ed.2d 207 (1962)). Accordingly, the appropriate course is to remand this case to the SSA to allow the ALJ to determine what weight, if any, should be assigned to Dr. Cretella's opinion, and to explain the weight that is actually given to the opinion with sufficient specificity to allow for meaningful judicial review.

## 2. New Evidence Before the Appeals Council

After the ALJ's decision but before the Appeals Council conducted its review, plaintiff submitted over three-hundred pages of additional medical evidence for incorporation into the administrative record. Although the Appeals Council identified the additional evidence, it did not specifically address any of it in its decision denying review, instead stating that "[w]e found no reason under our rules to review the Administrative Law Judge's decision." (Tr. 3). While the Commissioner now points out that some of that evidence is duplicative of materials that were already part of the record, the court notes, and the Commissioner acknowledges, that much of this evidence is new.

Under 20 C.F.R. §§ 404.970(b) and 416.1470(b) a plaintiff is expressly authorized to submit new evidence to the Appeals Council without demonstrating good cause. Under the regulations, the Appeals Council must consider new and material evidence if it relates to the period on or before the date of the administrative law judge hearing decision. *Perez v. Chater,* 77 F.3d 41, 45 (2d Cir.1996); 20 C.F.R. §§ 404.970(b). When it fails to do so, the

proper course for the reviewing court is to remand the case for reconsideration in light of the new evidence. *See Milano v. Apfel,* 98 F.Supp.2d 209, 216 (D.Conn. 2000). Importantly, the treating physician rule applies to the Appeals Council when the new evidence at issue reflects the findings and opinions of a treating physician. *See Snell v. Apfel,* 177 F.3d 128, 134 (2d Cir.1999). Accordingly, the Appeals Council must give good reasons for the weight it assigns to a plaintiff's treating physician's opinion. *Id.*

On remand, the SSA should consider all new and material evidence to the extent it relates to the period on or before the date of ALJ Dolan's decision. New evidence is any evidence that has not been considered previously during the administrative process. *DelValle v. Apfel,* 97 F.Supp.2d 215, 222 (1999). Thus the SSA need not consider any evidence that is cumulative to that which was already contained in the record prior to ALJ Dolan's decision. *Id.* Evidence is material in this context if it is relevant to the plaintiff's condition during the time period at issue and it is probative. *See Tirado v. Bowen,* 842 F.2d 595, 597 (2d Cir.1988). The SSA thus need not consider evidence related to plaintiff's condition after the date of the ALJ's decision, including, among other things, Dr. Cretella's notes from 2007.[2] (Tr. 294–97). To the extent that there is new and material evidence of Dr. Cretella's opinions, the SSA should specifically address that evidence in accordance with the treating physician rule, as discussed above.

---

**2.** The plaintiff identifies a letter from Dr. Cretella dated March 1, 2007 as evidence of his disability. Although the letter is dated after ALJ Dolan's decision, many of the office notes that Dr. Cretella attached to that letter were composed during the time period at issue. To the extent that the findings and conclusions

discussed in Dr. Cretella's March 1, 2007 letter can be attributed to his observations during the time period at issue, that letter is new and material evidence and should be addressed on remand in accordance with this opinion.

For the reasons stated herein, the parties' competing motions for judgment should be DENIED, [Dkt. ## 12, 15] and the case should be remanded for further proceedings in accordance with this ruling. 28 U.S.C. § 636(b)(1)(A).

Either party may timely seek review of this recommended ruling in accordance with Rule 72(b) of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 72(b). Failure to do so may bar further review. 28 U.S.C. § 636(b)(1)(B); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir.1989).

**IT IS SO ORDERED.**