10-2119-cv
Mulrain v. Commissioner of Social Security

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of June, two thousand eleven.

PRESENT:
        BARRINGTON D. PARKER,
        DENNY CHIN,
        RAYMOND J. LOHIER, JR.,
            Circuit Judges.

- - - - - - - - - - - - - - - - - - -x

JUNIOR MULRAIN,
            Plaintiff-Appellant,

v.                                        10-2119-cv

COMMISSIONER OF SOCIAL SECURITY,
            Defendant-Appellee.

- - - - - - - - - - - - - - - - - - -x

FOR APPELLANT:     JUNIOR MULRAIN, pro se, Brooklyn, NY.

FOR APPELLEE:      VARUNI NELSON and KATHLEEN A. MAHONEY, Assistant United States Attorneys, KAREN T. CALLAHAN, Special Assistant United States Attorney, of counsel, for Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gleeson, J.).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Junior Mulrain, proceeding pro se, appeals from the district court's April 29, 2010, decision granting the Commissioner's motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), upholding the Commissioner's denial of Mulrain's application for benefits under the Social Security Act (the "Act"). We assume the parties' familiarity with the underlying facts and procedural history of the case, as well as the issues on appeal.

We review an order granting judgment on the pleadings de novo. See Jasinski v. Barnhart, 341 F.3d 182, 184 (2d Cir. 2003). In reviewing determinations made by the Commissioner, we conduct a plenary review of the administrative record, see Schaal v. Apfel, 134 F.3d 496, 501 (2d Cir. 1998) (noting that the focus of review is the administrative ruling, not the district court's decision), and we will not set aside the Commissioner's decision unless the factual findings are not supported by substantial evidence or incorrect legal standards were applied, see Burgess v. Astrue, 537 F.3d 117, 127 (2d Cir. 2008); see also Halloran v. Barnhart, 362 F.3d 28, 31 (2d Cir. 2004). A determination is supported by substantial evidence if the record contains "such relevant evidence as [a] reasonable mind might accept as adequate to support a conclusion." Jasinski, 341 F.3d at 184 (citation omitted).

We have conducted an independent and de novo review of the record in light of these principles and agree with the district court's decision. The medical evidence in the record concerning Mulrain's condition and his own testimony provide substantial evidence to support the administrative law judge's ("ALJ") determination that Mulrain was not disabled under the Act.

Mulrain has submitted new evidence to the district court and on appeal, substantially all of which postdated the period for which benefits were denied. We could remand the case to the Commissioner for consideration of this additional evidence if Mulrain were able to show that the new evidence "is material and that there [wa]s good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). To carry his burden, Mulrain would have to show that (1) the proffered evidence is new and not merely cumulative of what is already in the record; (2) the proffered evidence is material, meaning that it is (a) relevant to his condition during the time period for which benefits were denied; (b) probative; and (c) reasonably likely to have influenced the Commissioner to decide his application differently; and (3) good cause exists for his failure to present the evidence earlier. See Tirado v. Bowen, 842 F.2d 595, 597 (2d Cir. 1988).

Mulrain's new evidence fails to satisfy this standard because it is not material to his disability claim. Although medical evidence, like Mulrain's, that postdates an ALJ's decision is not irrelevant per se, see Pollard v. Halter, 377

F.3d 183, 193 (2d Cir. 2004), the medical reports here do not suggest that Mulrain's condition was more serious than previously thought. Rather, they indicate that Mulrain had muscle cramps and foot pain, but that no further treatment -- other than stretching -- was warranted. Nor do the additional materials provided on appeal indicate that Mulrain's condition has worsened or that his treatment has changed. Therefore, these materials are neither probative nor likely to have affected the ALJ's consideration of Mulrain's disability claim.

We have considered Mulrain's other arguments and conclude that they are without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

-4-