13-1636-cv
*O'Connell v. Colvin*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of March, two thousand fourteen.

PRESENT:  RICHARD C. WESLEY,
          CHRISTOPHER F. DRONEY,
                  *Circuit Judges,*
          RONNIE ABRAMS,
                  *District Judge.*[*]

─────────────────────────────

PATRICK JAMES O'CONNELL,

                  *Plaintiff-Appellant,*

          -v.-                                    No. 13-1636-cv

CAROLYN W. COLVIN,
Commissioner of the Social Security
Administration,

                  *Defendant-Appellee.*

───────────────────────

[*] The Honorable Judge Ronnie Abrams, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLANT:        JOSEPH D. CLARK, Clark Jordan Pezzino, Buffalo, NY
                      (Lewis Lesses Schwartz, Meyers, Quinn & Schwartz
                      LLP, Buffalo, NY, *on the brief*).

FOR APPELLEE:         JASON P. PECK, Special Assistant United States
                      Attorney (Stephen P. Conte, Regional Chief Counsel,
                      Region II, Office of the General Counsel Social Security
                      Administration, *on the brief*), *for* William J. Hochul, Jr.,
                      United States Attorney for the Western District of New
                      York, Buffalo, NY.

Appeal from the United States District Court for the Western District of New York (William M. Skretny, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the judgment of the district court be and

hereby is **AFFIRMED.**

Plaintiff-Appellant Patrick James O'Connell appeals from a March 28, 2013

judgment by the United States District Court for the Western District of New

York (Skretny, *J.*) affirming the decision of the Commissioner of Social Security to

deny O'Connell disability insurance benefits. We assume the parties' familiarity

with the underlying facts, procedural history, and issues on appeal.

In deciding an appeal from a denial of disability benefits, we conduct a

plenary review of the administrative record, focusing on the administrative

ruling rather than the district court's opinion. *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009). We review the Commissioner's decision to determine if the correct legal standards have been applied and if the decision is supported by substantial evidence. *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008); *see* 42 U.S.C. § 405(g).

We reject O'Connell's argument that the district court erred by failing to remand his case to the Commissioner based on the new evidence that he submitted in this litigation. Although evidence of an applicant's condition subsequent to his date last insured may be pertinent to his condition prior to that date, *Lisa v. Sec'y of Dep't of Health & Human Servs.*, 940 F.2d 40, 44 (2d Cir. 1991), the district court properly found the new evidence submitted by O'Connell immaterial because there was no "reasonable possibility that the new evidence would have influenced the [Commissioner] to decide claimant's application differently," *Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir. 1988).

O'Connell also contends that the ALJ committed legal error by failing to develop adequately the administrative record. Specifically, O'Connell argues that the ALJ was obligated to obtain (1) treatment records from the time of his initial knee injury, more than a decade prior to his application for benefits; and (2) records from his ongoing treatment more than two years after his date last

3

insured that he alleges shed light on his condition as of his date last insured. In the absence of any obvious gaps or inconsistencies in the record for the relevant time period prior to O'Connell's date last insured, however, the ALJ was under no obligation to further develop the record. *See Rosa v. Callahan*, 168 F.3d 72, 79 n.5 (2d Cir. 1999).

O'Connell next submits that the ALJ erred at step two of the five-step analysis used to determine disability, *see* 20 C.F.R. § 404.1520(a)(4), by failing to determine that he suffered from a severe right knee impairment prior to his date last insured. At step two, however, the ALJ identified other "severe impairments," including O'Connell's status post stent placement, coronary artery disease, and angina, and therefore proceeded with the subsequent steps. And, in those subsequent steps the ALJ specifically considered O'Connor's right knee dysfunction. Because this condition was considered during the subsequent steps, any error was harmless. *See* 42 U.S.C. § 423(d)(2)(B) (requiring consideration of "the combined effect of all of the individual's impairments"). Further, contrary to O'Connell's argument, the ALJ's decision makes clear that he considered "all symptoms" and the "combination of impairments" in making his determination.

We also reject O'Connell's argument that the ALJ erred by finding that his testimony concerning the intensity, persistence, and limiting effects of his impairments was not credible to the extent alleged. The ALJ properly gave specific reasons for his adverse credibility finding, and those reasons were supported by substantial evidence in the record. We have considered O'Connell's remaining arguments and find they lack merit.

For the reasons stated above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk