Scott v. Commissioner of Social Security

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of April, two thousand sixteen.

PRESENT:
> RALPH K. WINTER,
> RICHARD C. WESLEY,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

Henry Scott,

> *Plaintiff-Appellant*,

> v.                                                                    14-3859

Commissioner of Social Security,

> *Defendant-Appellee*.

_____

FOR PLAINTIFF-APPELLANT:        Henry Scott, *pro se*, Auburn, NY.

FOR DEFENDANTS-APPELLEES:        Graham Morrison, Special Assistant U.S. Attorney (Stephen P. Conte, Regional Chief Counsel, Region II, Office of the General Counsel, Social Security

Administration *on the brief*), *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Scullin, *J.*; DiBianco, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Henry Scott, proceeding *pro se*, sought review of a final determination by the Commissioner of Social Security (the "Commissioner") denying his application for Disability Insurance Benefits. He appeals the District Court's grant of judgment on the pleadings to the Commissioner. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's judgment on the pleadings. *Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010). When the judgment upholds a benefits determination by the Commissioner, we conduct a *de novo* review of the administrative record "'to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard.'" *Id.* (quoting *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002)). The substantial evidence standard is "a very deferential standard of review—even more so than the 'clearly erroneous' standard," and means that "once an [administrative law judge ("ALJ")] finds facts, [this Court] can reject those facts only if a reasonable fact-finder would *have to conclude otherwise*." *Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 448 (2d Cir. 2012) (internal quotation marks omitted).

Here, review of the record and relevant case law reveals that the magistrate judge, whose September 12, 2013 report and recommendation was adopted in full by the District Court,

2

correctly concluded that the ALJ complied with the applicable legal standards, and that the ALJ's benefits determination was supported by substantial evidence. The magistrate judge also properly refused to consider the "new" evidence submitted by Scott, and correctly determined that this evidence did not merit remand for further consideration. *See Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir. 1988). We affirm for substantially the reasons stated by the magistrate judge.

Scott's claim that he is now blind in his left eye does not merit remand. First, he does not allege that he was blind, and therefore eligible for disability benefits, during the relevant period. *See* 20 C.F.R. § 404.970(b) (limiting review of new evidence to evidence relating "to the period on or before the date of the administrative law judge hearing decision"); *see also Tirado*, 842 F.2d at 597 (new evidence is immaterial when there is no "reasonable possibility that the new evidence would have influenced the [Commissioner] to decide claimant's application differently"). Second, although there is some evidence in the record that he suffered from minor vision problems during the relevant period, several months prior to the ALJ's decision, Scott's vision was measured as 20/20 in one eye and 20/40 in the other.

We have considered Scott's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3