*Armstrong v. Commissioner*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of December, two thousand sixteen.

PRESENT:     GUIDO CALABRESI,
             JOSÉ A. CABRANES,
             RAYMOND J. LOHIER, JR.,
                         *Circuit Judges.*

RICHARD ARMSTRONG,

                 *Plaintiff-Appellant,*                              16-987

                 v.

COMMISSIONER OF SOCIAL SECURITY,

                 *Defendant-Appellee.*


| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | RICHARD ARMSTRONG, *pro se*, Selden, NY. |
| **FOR DEFENDANTS-APPELLEES:** | ROBERT WILLIAM SCHUMACHER (Varuni Nelson and Arthur Swerdloff, *on the brief*), Assistant United States Attorneys, *for* Robert L. Capers, United States Attorney, Eastern District of New York, Central Islip, NY. |

        Appeal from a judgment of the United States District Court for the Eastern District of New York (Sandra J. Feuerstein, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Appellant Richard Armstrong, proceeding *pro se*, seeks review of a final determination by the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits. He appeals the District Court's grant of judgment on the pleadings to the Commissioner. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's judgment on the pleadings. *Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010). When the judgment below upholds a benefits determination by the Commissioner, we conduct *de novo* review of the administrative record "to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Id.* (internal citation omitted). "The substantial evidence standard means that once an [administrative law judge ('ALJ')] finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (internal quotation marks omitted) (emphasis in original).

A review of the record and relevant case law reveals that the ALJ applied the correct legal standards, and that substantial evidence supports the ALJ's determination that Armstrong has not been disabled since prior to December 31, 1998, his date last insured. In particular, relying on Armstrong's medical records and hearing testimony, the ALJ found that Armstrong's impairments did not meet the criteria in 20 C.F.R. Part 404, Subpart P, Appendix 1, and that he had the residual functional capacity to perform the full range of sedentary work as defined by 20 C.F.R. § 404.1567(a). For substantially the same reasons as the District Court, we agree that those findings are supported by substantial evidence.

Armstrong also seeks a remand for consideration of additional medical records. We may order such a remand only when a claimant shows the additional evidence is material and that there was "good cause" for not incorporating it at the prior hearing. 42 U.S.C. § 405(g); *Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir. 1988). New evidence is material only if there is a "reasonable possibility" that it would have influenced the Commissioner to decide the claimant's application differently. *Id.* Assuming Armstrong has good cause for his earlier failure to obtain and produce certain of his own medical records, this additional evidence is either irrelevant or cumulative of medical evidence already considered by the ALJ. Accordingly, the additional evidence is not material, and remand is not warranted.

## CONCLUSION

We have reviewed all of the arguments raised by Armstrong on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the February 29, 2016 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk