16-1692-cv,
Solis v. Berryhill

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of June, two thousand seventeen.

PRESENT:
> AMALYA L. KEARSE,
> DENNIS JACOBS,
> DEBRA ANN LIVINGSTON,
> Circuit Judges.

_____

FRANCISCO SOLIS,
> Plaintiff-Appellant,

v.                                              16-1692

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,$^{*}$
> Defendant-Appellee.

_____

---

$^{*}$ Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Commissioner Nancy A. Berryhill is automatically substituted for former Commissioner Carolyn Colvin as Defendant.

**FOR PLAINTIFF-APPELLANT:**    FRANCISCO SOLIS, pro se, Danbury, CT.

**FOR DEFENDANT-APPELLEE:**    KATHRYN POLLACK, Special Assistant United States Attorney (Stephen P. Conte, Regional Chief Counsel—Region II, Office of the General Counsel, Social Security Administration, on the brief), for Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Thompson, J.; Merriam, M.J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Francisco Solis, pro se, appeals the district court's decision upholding the Commissioner of Social Security's denial of disability insurance benefits. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We "conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." Burgess v. Astrue, 537 F.3d 117, 128 (2d Cir. 2008) (internal quotation marks omitted). Applying the substantial-evidence standard means that "once an [administrative law judge ("ALJ")] finds facts, we can reject those facts only if a reasonable factfinder would have to conclude otherwise." Brault v. Soc. Sec. Admin., 683 F.3d 443, 448 (2d Cir. 2012) (internal quotation marks omitted; emphasis omitted).

Upon such review, we conclude that the district court correctly determined that the ALJ applied the proper legal standards, and that the determination that Solis was not disabled between September 1, 2009 (Solis's alleged disability onset date) and September 30, 2009 (the last date on which he was insured) was supported by substantial evidence. As the magistrate judge correctly determined in her report and

recommendation, the evidence showed that Solis was capable of performing jobs that existed within the national and local economies. See 42 U.S.C. § 423(d)(2)(A) (disability must be "of such severity that [an individual] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy"). Accordingly, we affirm for substantially the same reasons stated in the magistrate judge's November 2015 report, which was adopted in full by the district court.

The only objection to the magistrate judge's report that Solis raised (through counsel) was that he met the requirements of Listing 11.14 (peripheral neuropathy), which was not specifically addressed by the ALJ. All other arguments are therefore waived given, at the conclusion of her report, the magistrate judge expressly warned that failure to object "may preclude appellate review." Comm'r's App'x at 54. See United States v. Male Juvenile (95-CR-1074), 121 F.3d 34, 38 (2d Cir. 1997) ("We have adopted the rule that failure to object timely to a magistrate judge's report may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object."). Although we may excuse the failure in the interest of justice, id. at 39, we decline to exercise our discretion to do so here, as the record reflects no injustice that would be remedied by reaching the merits of Solis's waived arguments.

Solis's challenge to the ALJ's listing determination is meritless. Although the ALJ did not explicitly discuss Listing 11.14, his general conclusion (that Solis did not meet a listed impairment) is supported by substantial evidence. See Berry v. Schweiker, 675 F.2d 464, 468 (2d Cir. 1982) (per curiam) ("[T]he absence of an express rationale does not prevent us from upholding the ALJ's determination regarding appellant's claimed listed impairments, since portions of the ALJ's decision and the evidence before him indicate that his conclusion was supported by substantial evidence.").

"For a claimant to qualify for benefits by showing that his unlisted impairment, or combination of impairments, is equivalent to a listed impairment, he must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment." Sullivan v. Zebley, 493 U.S. 521,

3

531 (1990) (internal quotation marks omitted; emphasis in original). Under Listing 11.14, peripheral neuropathy is defined as:

> A. Disorganization of motor function in two extremities (see 11.00D1), resulting in an extreme limitation (see 11.00D2) in the ability to stand up from a seated position, balance while standing or walking, or use the upper extremities; or
>
> B. Marked limitation (see 11.00G2) in physical functioning (see 11.00G3a), and in one of the following: 1. Understanding, remembering, or applying information (see 11.00G3b(i)); or 2. Interacting with others (see 11.00G3b(ii)); or 3. Concentrating, persisting, or maintaining pace (see 11.00G3b(iii)); or 4. Adapting or managing oneself (see 11.00G3b(iv)).

20 C.F.R. § 404, Subpt. P, App. 1, § 11.14. "Extreme limitation" refers to "the inability to stand up from a seated position, maintain balance in a standing position and while walking, or use your upper extremities to independently initiate, sustain, and complete work-related activities" without assistance. Id. § 11.00(D)(2). In contrast, "marked limitation means that, due to the signs and symptoms of your neurological disorder, you are seriously limited in the ability to independently initiate, sustain, and complete work-related physical activities." Id. § 11.00(G)(2)(a). And "[t]he persistent and intermittent symptoms must result in a serious limitation in your ability to do a task or activity on a sustained basis." Id.

This record demonstrates that Solis was not extremely limited in his ability to function. Although his daughter testified that he had difficulty standing without assistance, Solis himself stated that he used assistive devices only for extreme pain. Further, the evidence showed that Solis was neither markedly nor extremely impaired. In 2009, around the time of his disability onset date, Solis worked as a landscaper and machinist. In 2010 and 2011, he reported that, as a part of his daily activities, he was able to clean and repair his home, use a tractor, drive, and run errands. The ALJ's conclusion that Solis did not meet any of the listed impairments during the relevant period is therefore supported by

substantial evidence.

We also decline to remand based on the new medical records attached to Solis's brief.  For this Court to remand based on new evidence, an appellant must show that "the proffered evidence is (1) new and not merely cumulative of what is already in the record, . . . that it is (2) material, that is, both relevant to the claimant's condition during the time period for which benefits were denied and probative, . . . [and] (3) [that there is] good cause for [his] failure to present the evidence earlier."  Tirado v. Bowen, 842 F.2d 595, 597 (2d Cir. 1988) (citations and internal quotation marks omitted).  Materiality also requires "a reasonable possibility that the new evidence would have influenced the [Commissioner] to decide claimant's application differently."  Id.

The new records Solis offers are immaterial.  They are from 2015 and 2016, well after the time period at issue here. Further, the records do not "disclose the severity and continuity of impairments existing before the earning requirement date or [] identify additional impairments which could reasonably be presumed to have been present."  Pollard v. Halter, 377 F.3d 183, 194 (2d Cir. 2004) (quoting Lisa v. Sec'y of Health & Human Servs., 940 F.2d 40, 44 (2d Cir. 1991)). They chiefly concern treatments Solis received after a 2015 car accident, and, to the extent they discuss his medical history, they mention symptoms, conditions, and observations that are similar to those in the medical records considered by the ALJ.

We have considered all of Solis's remaining arguments and find them to be without merit.  Accordingly, the judgment of the district court is hereby **AFFIRMED.**

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5