10-4448-cv
Klos v. Commissioner of Social Security

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of September, two thousand eleven.

PRESENT:
ROSEMARY S. POOLER,
BARRINGTON D. PARKER,
SUSAN L. CARNEY,
*Circuit Judges.*

_____

Patricia Klos,

        *Plaintiff-Appellant*,

      v.                                10-4448-cv

Commissioner of Social Security,

        *Defendant-Appellee*.

_____

FOR PLAINTIFF-APPELLANT:        Patricia Klos, *pro se*, Flushing, New York.

FOR DEFENDANT-APPELLEE:        Varuni Nelson, Kathleen A. Mahoney, Scott R. Landau, Seth D. Eichenholtz, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Ross, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Patricia Klos, proceeding *pro se*, appeals the district court's judgment granting the motion of the Commissioner of Social Security ("Commissioner") for judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, and thereby upholding the Commissioner's denial of her application for disability benefits under the Social Security Act. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review district court orders granting motions to dismiss pursuant to Federal Rule of Civil Procedure 12(c) *de novo*. *Jasinski v. Barnhart,* 341 F.3d 182, 184 (2d Cir. 2003). When reviewing determinations made by the Commissioner, we conduct a plenary review of the administrative record. *See Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008); *see also Schaal v. Apfel*, 134 F.3d 496, 500-501 (2d Cir. 1998) (noting that the focus of review is the administrative ruling, not the district court's decision). Moreover, we may set aside the Commissioner's decision only if the factual findings are not supported by substantial evidence, or if the decision was based on legal error. *See Burgess*, 537 F.3d at 127. "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. at 127. (internal quotation marks and citations omitted).

Here, after having conducted an independent and *de novo* review of the record in light of

2

these principles, we affirm the district court's judgment. The evidence in the record concerning Klos's conditions, along with her own testimony, provides substantial evidence to support the ALJ's determination that she was not disabled under the Act during the relevant time period (March 17, 2000-December 31, 2005).

In addition, the new evidence that Klos submitted to the district court did not warrant remand under 42 U.S.C. § 405(g). *See* 42 U.S.C. § 405(g); *Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir. 1988). As the district court correctly determined, much of the new evidence was cumulative, and, in any event, it was not material to Klos's disability claim for the reasons set forth in the district court's opinion and order. Although medical evidence that postdates an ALJ's decision is not *per se* irrelevant, *see Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004), the letters from Drs. Marin and Kamel here did not indicate that Klos's condition was more serious than previously thought.

We have considered all of Klos's remaining arguments and find them to be unavailing. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3