Joseph BALADI, Plaintiff–Appellant,

v.

Jo Anne B. BARNHART, Commissioner of Social Security,* Defendant–Appellee.

No. 01–6155.

United States Court of Appeals, Second Circuit.

April 4, 2002.

Johnson M. Tyler, Brooklyn Legal Services Corp., Brooklyn, NY; John C. Gray, Jr., on the brief, for Appellant.

Paul Kaufman, Assistant United States Attorney, Brooklyn, NY; Deborah B.

* On November 14, 2001, Jo Anne B. Barnhart was sworn in as Commissioner of Social Security, replacing Acting Director William A. Halter, and is therefore automatically substituted as appellee pursuant to Fed. R.App. P. 43(c)(2).

Zwany, Kathleen A. Mahoney, Assistant United States Attorneys, on the brief, for Alan Vinegrad, United States Attorney for the Eastern District of New York, for Appellee.

Present McLAUGHLIN, LEVAL and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the United States District Court for the Eastern District of New York (John Gleeson, *Judge* ) is AFFIRMED.

Plaintiff appeals a judgment of the United States District Court for the Eastern District of New York affirming the denial of Social Security Disability (SSD) and Supplemental Security Income (SSI) benefits by the Social Security Commissioner. On March 26, 1996, plaintiff filed concurrent applications for SSD (under Title II of the Social Security Act, as amended, 42 U.S.C. § 401–433) and SSI (Title XVI of the Act, 42 U.S.C. §§ 1381–1383d). Plaintiff claimed disability due to back, leg and neck pain, as well as depression, asserting an onset date of November 2, 1993, the last day he was employed. The Commissioner denied the application based on an initial determination on May 24, 1996. Following an unsuccessful request for reconsideration, plaintiff received a hearing before ALJ Carl E. Stephan. On January 8, 1998, the ALJ found that plaintiff "has complaints of back pain and mild dysthymia," but that his subjective complaints were "overstated and not entirely credible." Based on assessment of plaintiff's residual functional capacity, the ALJ found that the plaintiff was capable of performing his past relevant work (as a cashier) and therefore was not disabled for pur-

poses of SSI or SSD benefits. Plaintiff sought review by the Appeals Council.

Before the Appeals Council reached a final decision, plaintiff filed a new application, for SSI benefits only, on September 18, 1998, asserting a mental affective disorder. This application was granted by the State agency on October 30, 1998; the onset date of plaintiff's disability was deemed to be March 26, 1998, the day he began receiving psychiatric treatment. Plaintiff submitted evidence of this grant of benefits, as well as a report from the clinical social worker from whom he had been receiving treatment, to the Appeals Council to consider when reviewing the ALJ's denial of his first application for benefits. No appeal or review was ever sought, however, of the Commissioner's determinations on the second application, including the onset date.

The Appeals Council denied review of the ALJ's decision on April 7, 2000, concluding that "neither the contentions nor the additional evidence provides a basis for changing the Administrative Law Judge's decision." Plaintiff timely filed a petition for review in the district court. On May 9, 2001, the district court entered judgment on the pleadings for the Commissioner, finding that the determination that plaintiff was not disabled as of January 8, 1998 was supported by substantial evidence. This appeal followed.

■ On appeal from the district court's review of the Commissioner's decision, "we review the administrative record *de novo* to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Machadio v. Apfel,* 276 F.3d 103, 108 (2d Cir.2002). Plaintiff argues first that the Commissioner's denial is not supported by substantial evidence, primarily because the new evidence submitted to the Appeals

Council undermines the ALJ's decision. We disagree. Although the new evidence submitted to the Appeals Council forms part of the administrative record under review, it does so only to the extent that it relates to the time frame encompassed in the ALJ's decision.[1] *Perez v. Chater*, 77 F.3d 41, 45 (2d Cir.1996). Because SSI benefits, unlike SSD, can only be granted prospectively, the only issue to be determined on the second application was whether plaintiff was disabled as of the date of his application, September 18, 1998, and the determination of onset date as being March 26, 1998 was, as counsel termed it at oral argument, "administrative dicta." Neither that determination, nor the evidence that a clinical social worker had diagnosed plaintiff with depression as of that date (but made no conclusion about his condition prior to that time), necessarily relates to whether plaintiff was disabled as of January 8, 1998, and any inference that can be drawn is too weak to displace the substantial evidence supporting the ALJ's determination.

■ Plaintiff also argues that the Commissioner failed to apply Social Security Ruling (SSR) 83–20, which requires that the Commissioner determine disability onset date based on specific medical evidence. However, SSR 83–20 is inapplicable to the decision under review, because the ALJ's determination that plaintiff was not disabled obviated the duty under SSR 83–20 to determine an onset date. The second decision of the Commissioner granting benefits is not under review and,

in any case, it appears the Commissioner fully complied with SSR 83–20 in that decision because, as previously noted, the non-retroactive nature of SSI benefits required the Commissioner only to determine that plaintiff was disabled as of the date of his second application. As long as the onset date was deemed to be prior to the date of application, therefore, there was no need to determine the onset date more precisely.

■ Finally, plaintiff argues that the ALJ failed properly to credit the opinion of the treating physician, Dr. Wishnow. The treating physician's opinions were based upon plaintiff's subjective complaints of pain and unremarkable objective tests, and therefore the ALJ was not required to give that opinion controlling weight, as it was not "well-supported by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). Moreover, the ALJ fulfilled his obligation to fully develop the administrative record by requesting additional reports from the treating physician. We agree with the district court that the ALJ properly considered and weighed Dr. Wishnow's opinion.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

1. Under 20 C.F.R § 416.1476, when an applicant submits new evidence to the Appeals Council that relates to the applicant's condition *after* the date of the ALJ's decision, the Appeals Council is required to return the evidence and note that if the plaintiff wishes to file a new application for benefits, and does so within 60 days of the notice returning the evidence, the new application will be considered to be filed as of the date on which the applicant originally requested review of the ALJ's decision. It does not appear from the record that this was done in this case. However, whether this regulation would provide any basis for plaintiff to receive SSI benefits prior to September 18, 1998, relates only to the Commissioner's second decision, which is not under review before us.