13-4477-cv
Polynice v. Colvin

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of August, two thousand fourteen.

PRESENT: JOHN M. WALKER, JR.,
        DENNIS JACOBS,
        RICHARD C. WESLEY,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - - - -X

DONNA POLYNICE,

        Plaintiff-Appellant,

        -v.-                                 No. 13-4477-cv

CAROLYN W. COLVIN, Commissioner of
Social Security,

        Defendant-Appellee.

- - - - - - - - - - - - - - - - - - - - - -X

FOR PLAINTIFF-APPELLANT:     MARK A. SCHNEIDER, Law Office of
                            Mark A. Schneider, Plattsburgh,
                            NY.

**FOR DEFENDANT-APPELLEE:** REBECCA HOPE ESTELLE, Special Assistant U.S. Attorney, United States Social Security Administration, New York, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Donna Polynice appeals the dismissal of her action against the Commissioner of Social Security ("Commissioner") for disability insurance benefits beginning February 2006. An administrative law judge ("ALJ") found that Polynice was not disabled under the Social Security Act, and the Appeals Council denied review. The district court adopted Magistrate Judge Baxter's Report and Recommendation, and affirmed the Commissioner's decision. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

"In reviewing a district court's decision upholding a decision of the Commissioner, we review the administrative record <u>de novo</u> to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." <u>Zabala v. Astrue</u>, 595 F.3d 402, 408 (2d Cir. 2010) (internal quotation marks omitted). Substantial evidence is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). In deciding whether substantial evidence exists, we defer to the Commissioner's resolution of conflicting record evidence. <u>See</u> <u>Clark v. Comm'r of Soc. Sec.</u>, 143 F.3d 115, 118 (2d Cir. 1998). If there is substantial evidence in the record to support the Commissioner's findings, those findings are conclusive. <u>See</u> 42 U.S.C. § 405(g); <u>Perez v. Chater</u>, 77 F.3d 41, 46 (2d Cir. 1996).

Polynice argues that the Commissioner erred by (1) finding that her impairments did not meet or equal the

criteria of "per se disabling" impairments; (2) overstating her residual functional capacity ("RFC"); and (3) concluding that she is able to do other work existing in significant numbers in the national economy. Polynice also argues that (4) remand is warranted because the Commissioner has since found Polynice disabled as of January 2013.

1. "Per Se Disabling" Impairments. To establish a "per se disabling" impairment set out in Listings 1.02 or 1.03 of 20 C.F.R. Part 404, Subpart P, Appendix 1, a claimant must demonstrate an "inability to ambulate effectively." Substantial evidence supports the ALJ's conclusion that Polynice, despite her knee impairment, suffered from no such inability. The consultative examiner's findings failed to indicate gait abnormalities, and Polynice maintained a lifestyle that included performance of household chores and attendance at church and college.

The ALJ also sufficiently considered Polynice's obesity in his determination. He explicitly addressed possible medical complications and relied on reports that considered Polynice's weight.

2. RFC Finding. In determining Polynice's RFC, the ALJ carefully considered Polynice's physical and mental examinations and treatment history, and recognized her inability to continuously stand, walk, and sit. Substantial evidence supported the ALJ's finding that Polynice nevertheless had the RFC to perform some unskilled sedentary work.

With regard to Polynice's alleged back-related limitations, the ALJ chose to credit her initial Disability Report, which stated that she could sit for up to two hours, over later reports, which claimed far greater restrictions. This was not error because (as the ALJ explained) the later reports were unsupported by the record, which reflects that Polynice rarely complained of back pain during the relevant time.

Nor did the ALJ improperly deny controlling weight to any treating physician's medical opinion. See 20 C.F.R. § 404.1527(c)(2) ("If we find that a treating source's opinion on the issue(s) of the nature and severity of your

impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight."). Much of what Polynice labels "medical opinion" was no more than a doctor's recording of Polynice's own reports of pain. The ALJ's findings sufficiently recognized Polynice's impairments and were entirely consistent with the medical opinions in the record.

3. Other Work. Substantial evidence supports the ALJ's finding that, despite Polynice's significant impairments, she is capable of performing other work existing in significant numbers in the national economy. Expert testimony supported a finding that someone with Polynice's RFC, age, education, and work experience could work as an Account Clerk, Addresser, or Order Clerk.

Polynice asserts that the expert did not consider her lack of educational development and skills, but the record reflects that Polynice earned her GED, completed a childcare program, attended college, and worked as a Certified Nurse's Aide for over four years.

4. Later Finding of Disability. Polynice argues that the district court should have remanded the case because the Commissioner subsequently found her disabled as of January 2013. As the court found, however, the subsequent favorable decision did not constitute "new" and "material" evidence requiring remand. 42 U.S.C. § 405(g). The finding that Polynice was disabled more than two and a half years after the ALJ's unfavorable decision says little about "whether plaintiff was disabled" during the time period relevant here, "and any inference that can be drawn is too weak to displace the substantial evidence supporting the ALJ's determination." Baladi v. Barnhart, 33 F. App'x 562, 563-64 (2d Cir. 2002) (summary order). Moreover, in the interval between the ALJ's unfavorable decision and the Commissioner's subsequent favorable decision, Polynice turned 50 years old, which put her into a different age category and thus impacted her ability to perform sedentary jobs under the applicable regulations. See 20 C.F.R. Part 404, Subpart P, App. 2 § 201.00(g).

4

We have considered all of Polynice's remaining arguments and conclude that they are without merit. The judgment of the district court is hereby affirmed.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK