14-2653-cv
Caron v. Colvin

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of April, two thousand fifteen.

PRESENT: RALPH K. WINTER,
    JOHN M. WALKER, JR.,
    REENA RAGGI,
      *Circuit Judges.*

---

MELISSA CARON,
    *Plaintiff-Appellant,*

   v.            No. 14-2653-cv

CAROLYN COLVIN, Commissioner of Social Security,
    *Defendant-Appellee.*

---

| | |
|---|---|
| APPEARING FOR APPELLANT: | MARK SCHNEIDER, ESQ., Plattsburgh, New York. |
| APPEARING FOR APPELLEE: | DAVID B. MYERS, Special Assistant United States Attorney (Stephen P. Conte, Of Counsel, Regional Chief Counsel—Region II, Office of the General Counsel, Social Security Administration, *on the brief*), New York, New York, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York. |

1

Appeal from a judgment of the United States District Court for the Northern District of New York (David N. Hurd, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on July 8, 2014, is AFFIRMED.

Plaintiff Melissa Caron challenges the district court's affirmance of the Commissioner of Social Security's 2011 denial of her application for disability benefits. We review the administrative record <u>de novo</u>, but we will set aside the agency decision "only if the factual findings are not supported by substantial evidence or if the decision is based on legal error." <u>Burgess v. Astrue</u>, 537 F.3d 117, 127 (2d Cir. 2008) (citation and internal quotation marks omitted). We have defined "substantial evidence" as more than a "mere scintilla," and as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Selian v. Astrue</u>, 708 F.3d 409, 417 (2d Cir. 2013) (internal quotation marks and alteration omitted). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

The vast majority of Caron's appellate brief repeats, word for word, her arguments to the district court. We reject those repeated arguments on <u>de novo</u> review for the reasons set forth in the district court's thorough and well-reasoned opinion. <u>See</u> <u>Caron v. Colvin</u>, No. 12 Civ. 1824 (DNH), 2014 WL 3107959 (N.D.N.Y. July 8, 2014).

Caron's sole new argument on appeal is that the case should be remanded to the Commissioner for reconsideration in light of the agency's 2014 finding that Caron was

2

disabled as of August 27, 2011. We may remand a case to the Commissioner to consider new evidence "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). To be material, evidence must be "both (1) relevant to the claimant's condition during the time period for which benefits were denied and (2) probative." Pollard v. Halter, 377 F.3d 183, 193 (2d Cir. 2004) (internal quotation marks omitted). We conclude that the 2014 finding is not material evidence for two reasons.

First, the 2014 finding is not itself evidence of disability but, rather, a conclusion based on evidence. As this court has recognized, the fact that two ALJs may permissibly reach different conclusions, even on the same record—which is not the case here—is not probative of anything. See Cage v. Comm'r of Soc. Sec., 692 F.3d 118, 127 (2d Cir. 2012) (citing Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620 (1966)); see generally Allen v. Comm'r of Soc. Sec., 561 F.3d 646, 653 (6th Cir. 2009) ("[T]he mere existence of the subsequent decision in [a claimant's] favor, standing alone, cannot be evidence that can change the outcome of his prior proceeding. A subsequent favorable decision may be supported by evidence that is new and material under § 405(g), but the decision is not itself new and material evidence." (emphasis in original)); accord Baker v. Comm'r of Soc. Sec., 520 F. App'x 228, 229 n.* (4th Cir. 2013) (unpublished order); Cunningham v. Comm'r of Soc. Sec., 507 F. App'x 111, 120 (3d Cir. 2012) (unpublished order).

Second, the 2014 finding is not "relevant to the claimant's condition during the time period" at issue here, Pollard v. Halter, 377 F.3d at 193 (internal quotation marks omitted),

because it explicitly stated that it (1) did "not address the merits of the previous claims," (2) was limited to "the period beginning August 27, 2011," i.e., after the period at issue here, and (3) was "in no way, explicitly or implicitly, to be interpreted as a reopening or revising of the previous claims," Special App. 28 n.1.

To the extent Caron intended to argue that new evidence supporting the 2014 finding justifies remand, Caron knew of such evidence at least by the time of her April 21, 2014 hearing before the ALJ—a month and a half before the district court's June 8, 2014 decision—but nevertheless failed to present it to the district court. Consequently, any argument that the evidence supporting the 2014 finding justifies a remand is forfeited. See In re Nortel Networks Corp. Sec. Litig., 539 F.3d 129, 132 (2d Cir. 2008).

We have considered Caron's remaining arguments and conclude that they are without merit. We therefore AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

4