*Freer v. Comm'r of Soc. Sec. Admin., et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of January, two thousand eighteen.

Present:
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
> > *Circuit Judges,*
> EDWARD KORMAN,*
> > *District Judge.*

_____

ARTHUR J. FREER,

> *Plaintiff-Appellant,*

> v.                                                                              17-1204

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, UNITED STATES SOCIAL SECURITY ADMINISTRATION,

> *Defendants-Appellees.*

_____

For Plaintiff-Appellant:                          Arthur J. Freer, *pro se*, Narrowsburg, NY.

_____

* Judge Edward Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

For Defendants-Appellees:                                  Amanda F. Parsels, Assistant United States Attorney (Benjamin H. Torrance, Assistant United States Attorney, *on the brief*), *for* Joon H. Kim, Acting United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Moses, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Arthur Freer, proceeding *pro se*, seeks review of a final determination by the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits and supplemental security income. He appeals from the magistrate judge's grant of judgment on the pleadings to the Commissioner. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a judgment on the pleadings. *Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010). When the judgment upholds a benefits determination by the Commissioner, we assess "whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Id.* (quoting *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002)). "The substantial evidence standard means that once an [administrative law judge ("ALJ")] finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*." *Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 448 (2d Cir. 2012) (internal quotation marks omitted).

Upon such review, we find that the ALJ applied the correct legal standards, and that the determination that Freer was not disabled was supported by substantial evidence. As part of the

test set out in 20 C.F.R. §§ 404.1520, 416.920, the ALJ found that Freer:

1) had not engaged in substantial gainful activity since becoming disabled;

2) was not mentally deficient but did suffer from physical impairments, some severe (such as degenerative changes of the right shoulder and spine and osteoarthritis of the knee), others not (including carpal tunnel syndrome);

3) did not have any impairments equivalent in severity to those listed in 20 CFR Part 404, Subpart P, Appendix 1;

4) could perform sedentary work but not his past, more physical work; and

5) could work as an information clerk or a call-in operator, both unskilled jobs for which the national economy has a reasonably strong demand.

Freer argues on appeal that the pain from his injuries and the side effects from his medication preclude him from performing even sedentary work. But the ALJ considered both issues, finding that Freer's objective medical records and relatively active life suggested that Freer's allegations about his subjective pain and side effects were overstated. Freer has not provided us any reason to believe that a reasonable factfinder would have to conclude otherwise.[1] Accordingly, we affirm for substantially the same reasons as the magistrate judge stated in her March 31, 2017 order.

---

[1] Freer also says that he will need more surgeries in the future, but such potential future impairments have no bearing on whether the ALJ erred in finding that he was not disabled from 2009 through 2013. *See Polynice v. Colvin*, 576 F. App'x 28, 31 (2d Cir. 2014) ("The finding that [a plaintiff] was disabled more than two and a half years after the ALJ's unfavorable decision says little about 'whether plaintiff was disabled' during the time period relevant here, 'and any inference that can be drawn is too weak to displace the substantial evidence supporting the ALJ's determination.'" (quoting *Baladi v. Barnhart*, 33 F. App'x. 562, 563–64 (2d Cir. 2002)).

We have considered all of Freer's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk of Court