20-758-cv
Hairston-Scott v. Commissioner of Social Security

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of August, two thousand twenty-one.

PRESENT:
> REENA RAGGI,
> DENNY CHIN,
> MICHAEL H. PARK,
> *Circuit Judges.*

_____

ROMARA HAIRSTON-SCOTT,

> *Plaintiff-Appellant*,

v.                                                                                20-758

COMMISSIONER OF SOCIAL SECURITY,

> *Defendant-Appellee.*

_____

FOR PLAINTIFF-APPELLANT:          Romara Hairston-Scott, Romulus, NY.

FOR DEFENDANT-APPELLEE:          Alexander Broche, Special Assistant United States Attorney, *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York; Ellen E. Sovern, Regional Chief Counsel – Region II, Office of the General Counsel, Social Security Administration, New York, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Wolford, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court entered on January 31, 2020 is **AFFIRMED**.

Romara Hairston-Scott, then represented by counsel, sought review of a final determination by the Commissioner of Social Security ("Commissioner") denying her application for social security disability insurance benefits and supplemental security income. The district court denied Hairston-Scott and granted the Commissioner judgment on the pleadings, reasoning that substantial evidence supported the administrative law judge's ("ALJ") decision that Hairston-Scott's mental impairments were not severe, remand for consideration of new evidence was not required because the new evidence was not relevant, and the Appeals Council did not err in failing to consider new evidence. Hairston-Scott—now pro se—appeals, arguing for the first time that her residual functional capacity ("RFC") is less than sedentary, and that a determination by the Social Security Administration in March 2019 (the "March 2019 Decision") that found her to be disabled since 2018 should be considered. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As an initial matter, Hairston-Scott does not challenge the district court's determination that the Appeals Council's decision not to consider a 2018 report from clinical neuropsychologist Dr. Tatyana Raby was proper. Nor does Hairston-Scott challenge the district court's determination that the ALJ's finding at step two that her mental impairments were not severe was supported by substantial evidence. References in her appeal brief to her depression and anxiety, along with a

2

variety of physical ailments, are in the context of summarizing her medical history only. Hairston-Scott has thus abandoned any challenge to those district court determinations. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) (holding that issues raised in district court but not raised in pro se appellate brief were abandoned).[1]

In addition, the district court had no occasion to rule on Hairston-Scott's argument that her RFC was less than sedentary, which she raises for the first time on appeal. She was represented by counsel in the district court and failed to challenge the ALJ's RFC determination at all. We generally do not consider claims raised for the first time on appeal. This argument is waived. *See Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994).

The only other issue Hairston-Scott raises in passing on appeal is that her 2019 favorable disability determination should be considered, along with her "continuing medical condition," in support of a favorable disability decision in this case. She does not argue—as she did in district

---

[1] Even if Hairston-Scott had challenged the district court's substantial evidence ruling, her argument would fail on the merits. The ALJ cited an evaluation by Dr. Christine Ransom, a consultative psychiatric examiner, of Hairston-Scott's concentration and memory skills; a report by Dr. E. Kamin, a state agency psychologist, concluding that Hairston-Scott would have had mild difficulties in maintaining concentration; and both doctors' conclusions that Hairston-Scott had mild limitations in her ability to deal appropriately with stress and maintain activities of daily living. The ALJ concluded that Hairston-Scott had no limitations in the first two functional areas required to be assessed when determining if a mental impairment was severe (*i.e.*, ability to understand, remember, or apply information; and social functioning), and only mild limitations in the third and fourth areas (*i.e.*, concentration, persistence, or pace; and adapt or manage oneself). Because "the degree of limitation in each of the first three areas is rated mild or better, and no episodes of decompensation are identified," the mental impairment is non-severe. *Kohler v. Astrue*, 546 F.3d 260, 266 (2d Cir. 2008). Drs. Kamin and Ransom's evaluations thus constitute substantial evidence supporting the ALJ's determination. *See Talavera v. Astrue*, 697 F.3d 145, 153–54 (2d Cir. 2012).

court—that remand is required for the ALJ to consider this evidence. In any event, this argument is meritless.

A federal court will consider new evidence only to determine whether it provides a basis for remand to the Commissioner. 42 U.S.C. § 405(g). To justify an order requiring the Commissioner to consider additional evidence, (1) the proffered evidence must be "new and not merely cumulative of what is already in the record," (2) it must be "material," and (3) the claimant must show that "good cause" existed for her failure to present the evidence earlier. *Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir. 1988) (internal quotation marks and citations omitted). Material evidence is "both relevant to the claimant's condition during the time period for which benefits were denied and probative," and the claimant must show "a reasonable possibility that the new evidence would have influenced the [Commissioner] to decide the claimant's application differently." *Id*. at 597.

The March 2019 Decision, which found Hairston-Scott disabled as of September 14, 2018, is not material to her disability claim here because it did not concern the relevant period for which she sought disability benefits—January 21, 2014 through June 30, 2017. "'The mere existence of [a] subsequent decision in a claimant's favor, standing alone, cannot be evidence that can change the outcome of his prior proceeding.'" *Caron v. Colvin*, 600 F. App'x 43, 44 (2d Cir. 2015) (summary order) (quoting *Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 653 (6th Cir. 2009) (alterations omitted)); *see also Polynice v. Colvin*, 576 F. App'x 28, 31 (2d Cir. 2014) (summary order) ("The finding that [plaintiff] was disabled more than two and a half years after the ALJ's unfavorable decision says little about whether plaintiff was disabled during the time period relevant here, and any inference that can be drawn is too weak to displace the substantial evidence

4

supporting the ALJ's determination.") (internal quotation marks omitted).  Here, the March 2019 Decision was based on medical records that were generated primarily after the ALJ's 2017 decision.  Thus, the finding that Hairston-Scott was disabled as of September 2018, based on a different set of facts and more than a year after the ALJ rendered a decision in this case, is not "relevant to the claimant's condition during the time period for which benefits were denied" and could not have influenced the Commissioner's decision pertaining to an earlier time period.  *See Tirado*, 842 F.2d at 597; *see also Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 127 (2d Cir. 2012) (concluding that a later disability ruling did not bolster claim that an earlier ruling was not supported by substantial evidence when the later ruling was based on evidence not in the record in the original application and related in part to different impairments).  Therefore, to the extent that Hairston-Scott argues that the district court erred in not remanding her case because it did not consider her 2019 disability determination, that argument is meritless.

We have considered all of Hairston-Scott's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court