Guerra v. Saul

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 4th day of October, two thousand nineteen.

Present:      GUIDO CALABRESI,
              ROSEMARY S. POOLER,
              DEBRA ANN LIVINGSTON,
                      *Circuit Judges*.

_____

VICKI GUERRA,

                      *Plaintiff-Appellant*,

                v.                                          18-2646-cv

ANDREW SAUL[1], COMMISSIONER OF SOCIAL SECURITY,

                      *Defendant-Appellee*.

_____

Appearing for Appellant:      Amy Chambers, Law Offices of Kenneth Hiller, PLLC, Amherst, N.Y.

Appearing for Appellee:      Heather Sertial, Special Assistant United States Attorney (Ellen E. Sovern, Acting Regional Chief Counsel-Region II, Office of the General Counsel, Social Security Administration, *on the brief*), *for*

---

[1] Andrew Saul is automatically substituted as a party in this case pursuant to Federal Rule of Appellate Procedure 43(c)(2).

James P. Kennedy, Jr., United States Attorney for the Western District of New York, Syracuse, N.Y.

Appeal from the United States District Court for the Western District of New York (Telesca, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant Vicki Guerra appeals from the August 8, 2018 judgment of the United States District Court for the Western District of New York (Telesca, *J.*), affirming an administrative law judge's May 7, 2015 denial of Guerra's application for Social Security disability insurance benefits after concluding that Guerra was not disabled. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"On appeal, we conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "When deciding an appeal from a denial of disability benefits, we focus on the administrative ruling rather than the district court's opinion." *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) (internal quotation marks omitted).

Guerra's arguments on appeal concern the weight the ALJ assigned to the opinions of various treating physicians. Specifically, Guerra argues that the ALJ erred when giving less than controlling weight to the medical opinions of several treating physicians when making his physical and mental Residual Functioning Capacity ("RFC") findings. In cases centering on the ALJ's assessment of the proper weight to be given a treating physician's opinion, our recent opinion in *Estrella v. Berryhill*, 925 F.3d 90 (2d Cir. 2019), lays out the analysis which courts should perform. *Estrella* emphasizes that, when assigning less than "controlling weight" to the treating physician's opinion, the ALJ must "explicitly consider" the four factors announced in *Burgess v. Astrue*, 537 F.3d 117 (2008).[2] *Estrella*, 925 F.3d at 95 (internal quotation marks omitted). A failure to "explicitly consider" these factors is a procedural error warranting remand unless a "searching review of the record assures the reviewing court that the substance of the treating physician rule is not traversed." *Id.* at 95-96. To put it simply, a reviewing court should remand for failure to explicitly consider the *Burgess* factors unless a searching review of the record shows that the ALJ has provided "good reasons" for its weight assessment. *Id.* While the ALJ here did not always explicitly consider the *Burgess* factors when assigning the treating physician' opinions less than controlling weight, we nonetheless conclude that the ALJ provided sufficient "good reasons" for the weight assigned.

---

[2] Those factors are "(1) the frequen[cy], length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist." *Estrella*, 925 F.3d at 95-96 (citation omitted).

2

Guerra's first argument on appeal is that the ALJ failed to justify his physical RFC finding of light work with substantial evidence. As noted above, an ALJ generally must give controlling weight to the medical opinions of treating and examining sources. 20 C.F.R. § 404.1527(c). Nonetheless, Guerra's argument that the ALJ erred by not assigning controlling weight to assessments made by her treating physicians in connection with workers' compensation forms they filled out is meritless. The ALJ correctly found that the assessments were contradicted by other evidence in the record, and he explained why he was not giving greater weight to those specific opinions insofar as they were only conclusory; they stated contradictory things; they ran contrary to the treatment records; they ran contrary to Guerra's testimony; and they were vague, of unspecified duration, and conditioned on scheduled surgical procedures. Supported by ample treatment notes, physical examination findings, and Guerra's testimony, the ALJ's assignment of less than controlling weight to Guerra's treating physician's opinions was not in error. As a result, the ALJ's physical RFC determination is supported by substantial evidence.

Guerra's second argument, that the ALJ failed to justify his mental RFC finding with substantial evidence, also fails. For the same reasons that the ALJ declined to assign controlling weight to the physical assessments, he appropriately explained why he did not give significant weight to certain opinions of the treating physicians concerning Guerra's mental limitations. The mental assessment provided by Dr. Mendonza, as explained by the ALJ, was belied by other medical evidence in the record, including treatment notes, Guerra's testimony, and other medical reports. The ALJ properly assigned significant weight to the consultative psychologist who examined Guerra. As required by statute, the ALJ considered various factors in attributing weight to the consultative psychologist's medical opinions, including: the consistency of the opinions with the record, "the amount of understanding of . . . disability programs and their evidentiary requirements that a medical source has, regardless of the source of that understanding, and the extent to which a medical source is familiar with the other information in [the claimant's] case record." 24 CFR 404.1527(c)(6); *see also Estrella*, 925 F.3d at 95. Because the ALJ considered each of these factors, he did not err by assigning significant weight to Dr. Baskin's opinion, finding that it was consistent with her examination and with Guerra's longitudinal treatment history.

Guerra also challenges on the basis that the Appeals Council refused to consider evidence she submitted after the ALJ issued his decision. The regulations provide that the Appeals Council "will" consider "new" and "material" evidence that relates to the period on or before the date of the ALJ hearing decision. 20 C.F.R. §§ 404.970(a)(5), 416.1470(b). Guerra submitted to the Appeals Council an assessment done by an occupational therapist and other physician treatment notes from after the relevant time period. None of the new material purported to be retroactive. We agree with the Commission that it did not relate to the relevant period, so it was not material to the ALJ decision. "The concept of materiality requires . . . a reasonable possibility that the new evidence would have influenced the [Commissioner] to decide claimant's application differently." *Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004) (quoting *Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir. 1988)).

3

We have considered the remainder of Guerra's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk