Johnson v. Comm. Social Security

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of January, two thousand twenty.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> GERARD E. LYNCH,
> > *Circuit Judge*,
> LEWIS A. KAPLAN,
> > *District Judge*.[*]

---

DION JOHNSON,

> *Plaintiff-Appellant*,

> v.                                                      18-3770

COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION,

> *Defendant-Appellee*.

---

FOR PLAINTIFF-APPELLANT:              Dion Johnson, *pro se*, West Hartford, CT.

FOR DEFENDANT-APPELLEE:              John Durham, United States Attorney for the District of Connecticut, and Heather Sertial, Assistant Regional Counsel, United States Social Security Administration, Office of the General Counsel, Region II, New York, NY.

---

[*]     Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the District of Connecticut (Shea, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Dion Johnson, proceeding *pro se*, sought review of a final determination by the Commissioner of Social Security ("Commissioner") after remand, challenging an administrative law judge's ("ALJ") denial of his application for supplemental security income. The district court granted the Commissioner's motion for judgment on the pleadings and denied Johnson's motion to reverse the Commissioner's decision. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

We review *de novo* a district court's judgment on the pleadings. *Jasinski v. Barnhart*, 341 F.3d 182, 184 (2d Cir. 2003). When the judgment upholds the Commissioner's benefits determination, we conduct a *de novo* review of the administrative record "'to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard.'" *Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010) (quoting *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002)). The substantial evidence standard means that "once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would have to conclude otherwise." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (emphasis and internal quotation marks omitted).

Upon such review, we conclude that substantial evidence supports the Commissioner's decision that Johnson had the residual functional capacity ("RFC") to perform light work with some limitations, and therefore that he was not disabled. Although Johnson asserts that the ALJ erred in developing the record on remand, the district court properly concluded that the ALJ correctly

applied the treating physician rule to the August 2012 opinion and gave it little weight when determining Johnson's RFC. In addition, the district court correctly determined that the ALJ's failure to explicitly apply all four of the treating physician rule factors to the June 2011 opinion was harmless. Accordingly, we affirm for substantially the same reasons given by the district court in its December 6, 2018 memorandum and order.

On appeal, Johnson argues that the ALJ did not explicitly determine, on remand, that the August 2012 opinion of Dr. Naqvi was from an "acceptable medical source." The district court found that Dr. Naqvi signed the August 2012 opinion. As a physician, Dr. Naqvi is an "acceptable medical source" under the applicable regulation, 20 C.F.R. § 416.913(a). Any error by the ALJ in failing to make such a finding explicitly was harmless, particularly given that the ALJ examined the August 2012 opinion under the treating physician rule, thereby implicitly determining that it was signed by an acceptable medical source.

Johnson also argues that the ALJ erred by failing to apply all of the factors required by the treating physician rule to Dr. Naqvi's June 2011 opinion. Here, too, while Johnson is correct that the ALJ did not explicitly apply all four factors to Dr. Naqvi's June 2011 opinion, any error is harmless and does not warrant remand. The ALJ properly applied all of the *Greek* factors to the August 2012 opinion, also signed by Dr. Naqvi, when he found that (1) Dr. Naqvi had seen Johnson on "very few" occasions; (2) the August 2012 opinion had no treatment notes supporting it; (3) the substantial functional limitations described were not supported by record evidence and inconsistent with treatment notes over several years; and (4) Dr. Naqvi specialized in internal medicine. The ALJ only explicitly applied the third factor to the June 2011 opinion. But because the June 2011 and August 2012 opinions were both signed by Dr. Naqvi, both were in checklist form, neither attached supporting medical evidence, and Dr. Naqvi's internal medicine specialty did not change,

3

the second and fourth factors were the same for both opinions. As for the first factor, the only difference was that by August 2012, Johnson had been seen at Charter Oak Health Center for 14 months longer than in June 2011. His appointments were not with Dr. Naqvi, however.

Remand is unnecessary where "application of the correct legal standard could lead to only one conclusion." *Zabala*, 595 F.3d at 409 (internal quotation marks omitted); *see also Havas v. Bowen*, 804 F.2d 783, 786 (2d Cir. 1986) (declining to remand for consideration of a treating physician's opinion where there was no substantial evidence to refute the treating physician's conclusion that the claimant could not return to his prior employment). The ALJ cited extensive record evidence that supported his RFC finding, which in turn supported his finding that Johnson was not disabled. Because even a correct application of the *Greek* factors would not ultimately have led to a different result, we decline to disturb the district court's decision not to remand.

Finally, Johnson attached a special appendix to his brief on appeal that included new disability opinions from July 2017 and December 2018 that he had not submitted to the district court. A court may order the Commissioner to consider additional evidence "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). An appellant must show that the proffered evidence is "(1) new and not merely cumulative of what is already in the record, and that it is (2) material, that is, both relevant to the claimant's condition during the time period for which benefits were denied and probative. The concept of materiality requires, in addition, a reasonable possibility that the new evidence would have influenced the Secretary to decide claimant's application differently. Finally, claimant must show (3) good cause for [his] failure to present the evidence earlier." *Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir. 1988) (internal quotation marks and citations omitted). Johnson makes none of these showings here. The proffered documents

4

are not material because they do not opine on his condition during the time period for which benefits were denied; they are also substantially similar to the opinions that the ALJ did consider, and thus not likely to influence the ALJ to decide the application differently. Accordingly, we will not order the Commissioner to consider the new evidence contained in Johnson's special appendix.

We have reviewed the remainder of Johnson's arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court