22-353
*McAlister v. Kijakazi*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of June, two thousand twenty-three.

PRESENT:    Guido Calabresi,
            Steven J. Menashi,
            Eunice C. Lee,
                *Circuit Judges.*

_____

DERRICK MCALISTER,

        *Plaintiff-Appellant*,

    v.                                              No. 22-353

KILOLO KIJAKAZI, ACTING COMMISSIONER
OF SOCIAL SECURITY,

        *Defendant-Appellee.*

_____

*For Appellee*:                                  Derrick McAlister, pro se, Lackawanna, NY.

*For Defendant-Appellant*:            SCOTT ELLIOTT, Special Assistant United States Attorney (Ellen E. Sovern, Associate General Counsel, United States Social Security Administration, *on the brief*), *for* Trini E. Ross, United States Attorney for the Western District of New York, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Foschio, M.J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Derrick McAlister, proceeding pro se, appeals from a judgment of the district court affirming a decision of the Commissioner of Social Security to deny McAlister's request for disability insurance benefits and supplemental security income. On appeal, McAlister argues that the administrative law judge ("ALJ") incorrectly evaluated the evidence in concluding that McAlister had the residual functional capacity ("RFC") to perform light work with some additional restrictions and that a person with this RFC could perform McAlister's past work. McAlister also presents new evidence about the source and extent of his limitations. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The Social Security Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "In reviewing a district court's decision upholding a decision of the Commissioner, we 'review the administrative record *de novo* to determine whether there is substantial evidence supporting the Commissioner's

decision and whether the Commissioner applied the correct legal standard.'" *Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010) (quoting *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002)). The Supreme Court has explained that "[s]ubstantial evidence is more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). Under the substantial evidence standard, "once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*." *Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 448 (2d Cir. 2012) (internal quotation marks omitted).

## I

Our review of the administrative record confirms that substantial evidence supports the Commissioner's decision. The Commissioner has established a five-step procedure for determining whether an applicant is disabled. *See* 20 C.F.R. § 416.920(a)(4). McAlister's arguments concern the fourth step, at which an ALJ must determine whether the applicant has the RFC to perform his past relevant work. *See id.* § 416.920(a)(4)(iv).

McAlister first argues that the ALJ failed adequately to consider McAlister's testimony regarding the severity of his back and leg pain, and he claims that the ALJ overlooked or misinterpreted evidence regarding his activities of daily living reflecting a more limited RFC. In determining whether the claimant is disabled, the agency considers "all of [the claimant's] statements about [his or her] symptoms, such as pain," but such "statements … will not alone establish" disability. 20 C.F.R. § 404.1529(a). "In evaluating the intensity and persistence of … pain, [the agency] consider[s] all of the available evidence, including … medical history, the medical signs and laboratory findings, and statements about how [the claimant's] symptoms affect [him or her]." *Id.*

Applying this framework, the ALJ properly considered McAlister's statements about the severity of his pain and reasonably concluded that those statements were inconsistent with the remainder of the record. That record

3

included: treatment consisting of pain medication and a muscle relaxant with no other intervention; an examination in which McAlister showed some restrictions in squatting and spine flexion but no other abnormal results; x-ray images showing "mild" defects; and the opinions of two physicians, based on that evidence, that McAlister could sit or stand for six hours in an eight hour work day (or more).[1]

As the district court explained, the ALJ determined that the administrative record reflected an RFC "limiting [McAlister] to light work with additional postural limitations." App'x 15. Given those limitations, the ALJ determined that McAlister remained capable of performing his past work as a mortgage clerk, mortgage loan processor, or policyholder information clerk.

Contrary to McAlister's argument, the ALJ did not consider whether McAlister could remember the name of his medications at his hearing in evaluating his claim. Nor did the ALJ improperly overlook testimony from the vocational expert that work would not be available if McAlister were frequently off task. While the vocational expert gave that testimony, the record does not compel the conclusion that McAlister would be off task to the extent that he could not perform his past work.

## II

Because McAlister has presented new evidence on appeal, we also consider whether we should remand pursuant to our authority to "at any time order

---

[1] McAlister does not challenge the ALJ's reliance on those opinions in this appeal. Nor does he argue that the ALJ should have obtained additional opinions. Accordingly, we do not address those issues. *See Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998) (explaining that we generally decline to consider issues not raised in a pro se appellant's brief). Because McAlister filed his applications after March 2017, the ALJ's decision was not constrained by the "treating physician rule," under which the medical opinion of a claimant's treating physician received controlling weight in some circumstances. *See Colgan v. Kijakazi*, 22 F.4th 353, 360 n.2 (2d Cir. 2022); 20 C.F.R. § 404.1527.

additional evidence to be taken before the Commissioner of Social Security …
upon a showing that there is new evidence which is material and that there is good
cause for the failure to incorporate such evidence into the record in a prior
proceeding." 42 U.S.C. § 405(g). New evidence is material if it is relevant to the
claimant's condition during the period for which benefits were denied—here,
from March 1, 2015, through April 29, 2019—and if it is probative and could
reasonably have influenced the Commissioner to decide the application
differently. *Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004); *Tirado v. Bowen*, 842
F.2d 595, 597 (2d Cir. 1988).

None of the new evidence presented on appeal meets this standard.
McAlister alludes to having dyslexia, but he provides no information about
resulting restrictions. From the present record, dyslexia appears to be a lifelong
condition that has not interfered with McAlister's ability to work. He also fails to
explain why this issue was not raised earlier. *See Pollard*, 377 F.3d at 193.

As to the conditions that he did raise before the agency, McAlister asserts
for the first time that his pain originated from an assault experienced as a teenager
rather than—as he previously asserted—a work injury in the 1990s. But he offers
no reason to believe that this information would change the Commissioner's
opinion about the extent to which the pain restricted McAlister's activities
between 2015 and 2019. McAlister also asserts that he has received citations for
failing to maintain his roof and lawn. Again, he does not explain why he failed to
reveal this information earlier. In any event, inability to do roof and lawn work
would be consistent with the Commissioner's RFC finding. *See* 20 C.F.R.
§ 404.1567(b) (defining "light work").

In addition, McAlister has presented images from a CT scan of his spine
conducted in December 2020. These images postdate, by approximately twenty
months, the period for which the agency denied benefits. While subsequent
medical records may be material if probative of the applicant's claimed
impairment during the relevant period, *see Pollard*, 377 F.3d at 193-94, McAlister

provides no reason to believe that this is the case here. Similarly, McAlister's assertion that he has been prescribed additional medications is not grounds for remand because he has not explained when the drugs were prescribed, why the drugs were not included in the list he prepared for the ALJ or mentioned in his treating physician's notes, or—if the drugs were prescribed later—why the prescriptions are probative of his condition during the relevant period. Accordingly, no grounds exist to remand for consideration of new evidence.

*　　*　　*

We have considered McAlister's remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court